**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 30 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  19-10167 |
| Plaintiff-Appellee, | D.C. No.<br>2:16-cr-00038-MCE-2 |
| v. | |
| SABER SHEHADEH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted March 1, 2021
San Francisco, California

Before:  WARDLAW and BERZON, Circuit Judges, and CHEN,[**] District Judge.

Saber Shehadeh appeals his conviction by jury trial for three counts of mail fraud, in violation of 18 U.S.C. § 1341.  He maintains that the district court denied him the opportunity to present his absence-of-intent-to-defraud defense at trial in violation of the Fifth and Sixth Amendments of the United States Constitution

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

when it *sua sponte* invoked Federal Rule of Evidence 403 to limit his cross-examination of government witness James Wolf.  We have jurisdiction, 28 U.S.C. § 1291, and review this claim de novo, *United States v. Evans*, 728 F.3d 953, 959 (9th Cir. 2013).  We affirm.

According to the bills and records that Shehadeh submitted to his insurer, State Farm, Wolf served as the licensed contractor who allegedly completed cleanup and debris removal in the wake of a fire that destroyed Shehadeh's property.  At one point, State Farm interviewed Wolf about the veracity of the invoices Shehadeh submitted in connection with this work.  Wolf "basically confirmed the information provided by Mr. Shehadeh," and the investigator created a summary of that conversation in a State Farm call log.

When Shehadeh's counsel asked Wolf about this conversation at trial, Wolf repeatedly stated that he did not recall what he had told State Farm's investigator. Defense counsel sought to impeach Wolf with State Farm's summary of that conversation.  Because Wolf continued to insist repeatedly that he could not remember the details of that conversation, the district court *sua sponte*, and over Shehadeh's objection, curtailed this line of questioning under Federal Rule of Evidence 403.

The district court's ruling was within its discretion under Federal Rule of Evidence 403 because further cross-examination risked confusing the jury,

rehashing cumulative evidence, and encouraging the jury improperly to rely on hearsay evidence. Indeed, by the time the district court terminated this line of inquiry, defense counsel had established—approximately twenty times—that Wolf did not remember his discussion with State Farm. *United States v. Weiner*, 578 F.2d 757, 766 (9th Cir. 1978) (per curiam) ("The court in its discretion may limit cross-examination in order to preclude repetitive questioning, upon determining that a particular subject has been exhausted . . . ."). Moreover, Shehadeh's attempted impeachment rested on a third party's non-verbatim summary of Wolf's statements, which Wolf had never previously seen, agreed to, or adopted. *Cf. Palermo v. United States*, 360 U.S. 343, 350 (1959) (acknowledging the argument that it is "grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations").

Because the district court's application of Federal Rule 403 was proper, we will find a constitutional violation only if applying that rule here was "arbitrary or disproportionate to the purposes [it was] designed to serve." *United States v. Kincaid-Chauncey*, 556 F.3d 923, 934 (9th Cir. 2009) (internal quotation marks omitted) (quoting *United States v. Scheffer*, 523 U.S. 303, 308 (1998)), *abrogated on other grounds by Skilling v. United States*, 561 U.S. 358 (2010). We conclude that is not the case. Rule 403 exists to prevent the very confusion and repetitive

testimony that the district court excluded. Shehadeh "cannot transform the exclusion of this evidence into constitutional error by arguing that [he] was deprived of [his] right to present a defense." *United States v. Waters*, 627 F.3d 345, 354 (9th Cir. 2010) (internal quotation marks and citation omitted). Meanwhile, "marginal value . . . would have accrued to the defense from . . . [Wolf's] testimony," *Kincaid-Chauncey*, 556 F.3d at 935, given that much of the evidence the defense sought to introduce had already been elicited during the testimony of State Farm's investigator. We also find it "difficult to see how [Shehadeh] was denied due process or an opportunity to put on [his] defense when [he] chose not to" call in his case in chief the State Farm investigator who could speak directly to Wolf's prior statements and thus provide competent impeachment evidence. *Id.*

Lastly, any error would have been harmless beyond a reasonable doubt. *Evans*, 728 F.3d at 959. Given Shehadeh's frequent misrepresentations and omissions made to State Farm—concerning, *e.g.*, his financial struggles, his familial ties to Wolf Construction, and his prior dealings with Wolf Construction— no reasonable juror would have believed Shehadeh lacked the intent to defraud State Farm. *United States v. Rogers*, 321 F.3d 1226, 1230 (9th Cir. 2003) (affirming that a jury may rely on such evidence in finding an intent to defraud); *United States v. Lothian,* 976 F.2d 1257, 1267–68 (9th Cir. 1992) (same).

4

**AFFIRMED.**